**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JONATHAN D. SOSA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | **No. 25cv9617** |
| **THE COUNTY OF DUPAGE,** | ) | |
| **THE SHERIFF'S DEPARTMENT OF THE** | ) | |
| **COUNTY OF DUPAGE AND CHRISTOPHER** | ) | |
| **JORDAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S AMENDED COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, JONATHAN D. SOSA (hereafter "JONATHAN SOSA"), by his attorneys, THE LAW OFFICES OF SCOTT SKALETSKY LLC, and for his Amended Complaint at Law against the Defendants, COUNTY OF DUPAGE, THE SHERIFF'S DEPARTMENT OF THE COUNTY OF DUPAGE (SHERIFF'S DEPARTMENT") and CHRISTOPHER JORDAN ("JORDAN"), he states as follows:

**SUMMARY**

1. Plaintiff Jonathan D. Sosa ("SOSA") was detained and severely beaten by the Defendants Upon showing CARY POLICE, SHERIFF'S DEPARTMENT and JORDAN for no reason other than that they mistakenly believed that SOSA was violating an order of protection when in reality a McHenry County judge had vacated an order of protection
2. The Defendants ignored court's order and proceeded to severely assault and beat the Plaintiff so much so that he had to be taken to a local hospital and ultimately required medical attention, which will be discussed later in this Complaint.

**PARTIES**

3. SOSA is the Plaintiff who is currently residing in the State of Illinois.
4. Defendant THE COUNTY OF DUPAGE is a county that is incorporated under the law of the State of Illinois and which operates all officers of the Defendant SHERIFF'S DEPARTMENT.
5. Defendant JORDAN is a member of the SHERIFF'S DEPARTMENT and who was off-duty on the date of the subject occurrence and who currently resides in the County of McHenry and State of Illinois.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 USC § 1331, on the basis of there being a federal question relating to the U.S. Constitution. See Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971).
7. This Court also has subject matter jurisdiction under 28 USC § 1331, on the basis of there being a federal question relating to 42 USC § 1983, which states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

8. Venue is appropriate because Defendants and each of them are either cities, counties or individuals that reside within the district boundaries for this Court.

**ALLEGATIONS OF FACT**

9. On September 11, 2024 the Plaintiff went to the McHenry County Courthouse to obtain a copy of the court order dismissing the order of protection in case number 2024PO000950.

9. From there the plaintiff went to his previous residence at 1150 Amber Dr Cary IL in order to start his new life working for the Evangelical Publishing Organization named Gospel Perfecting Center out of their Florida office.

10. After leaving the McHenry Court House with proof of the dismissal he stopped by the Cary Police Department and inform them of the judge's dismissal order before he went to 1150 Amber Drive.

11. Once there, SOSA chatted with a Sgt. Rutzen and SOSA showed him the dismissal to which the sergeant expressed his well wishes and told SOSA that he hoped that the would excel at his new job.

12. SOSA asked him if he would like a copy of the court's paperwork or is the sergeant would like to escort him to the Amber Drive location, to which the sergeant said "No, you should be fine" and that he did not need any copies. As such, on the drive to Amber Drive, he called the landlord, Blake Steen, to let him know that he was coming over to gather his belongings.

13. When SOSA arrived at 1150 Amber Drive, he told Mr. Steen that the front lock was changed and his key no longer worked, and said that he was going to try the back door because the kids always leave it open.

14. SOSA knocked on the glass sliding door, opened the door and said "Hello." He was greeted by ex- wife's new ex-husband, Defendant and DuPage County Sheriff JORDAN. The Plaintiff said "Oh Chris how nice it is to finally meet you," to which JORDAN responded, "Who are you?" SOSA replied "I'm Sosa I'm here to pick up my belongings and that I'd be out quick."

15. JORDAN then got off the couch and began to chase SOSA around the house, and at that time SOSA began to record the events on his cellphone and notwithstanding all of that, he told

JORDAN that he was glad to see him and that he hoped that he and his ex-wife could work things out.

16. JORDAN calls 911 and begins to push SOSA. SOSA tells him to calm down and that he just needs his things and they'll never see him again. JORDAN told SOSA's son Kaleb to go upstairs but he didn't listen and followed us as Sherriff Jordan pushed me into my garage and on to the garage floor. I then asked my son to go upstairs but he still didn't obey.

17. SOSA got up and asked him to let him through and told him I just left Cary PD and they know that he is here. JORDAN continues to verbally assault SOSA saying "Keep recording you fucking idiot." JORDAN eventually grabs SOSA by his torso and flips me over his head and onto the garage floor again for the second time. SOSA starts to yell help and please someone call 911. All this is still going on in front of my 8-year-old, Kaleb. Before I know it a police officer from the Cary Police Department arrives and SOSA sees Defendant JORDAN wave them over or make some sort of sign with his hand.

18. As soon as JORDAN got off of SOSA, he felt 5 people around and over me. SOSA became petrified and started yelling that he just left the police station and to please let him get up. Instead, SOSA had his arms spread apart and knees being dug into the back of my knees. He then felt over 6 blows to my right liver and kidney areas.

19. At this moment, SOSA begins to have a panic attack and began wondering if this was how he would die. He next started pleading "I Have paperwork I have paperwork!" and I asked my friend David to show them the paperwork. David had accompanied SOSA to Amber Drive using David's truck.

20. At that time, another officer and an off-duty Sherriff who lives on Amber Dr rush over to the garage. After being tazed the Plaintiff remembers passing out while crying and urinating himself.

21. SOSA came to again but blacked out again from terror and the next thing he remembers is being in the back of the Ambulance being interrogated and accused of breaking in through the back of his own home. He asked to be taken to Mercy Hospital but they ignored him and made him recount what happened.

22. They told SOSA that his story did not match Sherriff Jordan's version. In response, SOSA said that he has a recording of the events and that his friend David also recorded all of it on his phone. One of the younger officers kept pressing SOSA and accused him of breaking and entering aggressively into his own place. SOSA finally gave in and showed them my video. At this point at least 20 more minutes have passed and another officer comes into the ambulance with a body cam in his hand to record my video off of my phone screen.

## CLAIMS FOR RELIEF

### Count I-Violation of 42 USC §1983

23. The Defendants unwarranted actions toward SOSA constitute a deprivation of his rights, privileges, or immunities acting under color of state law.
24. The COUNTY OF DUPAGE has the responsibility for the training of all of its Sheriff's officers, including off-duty Sheriff's Officer JORDAN.
25. The Sheriff's officer CHRISTOPHER JORDAN from THE COUNTY OF DUPAGE and THE SHERIFF'S DEPARTMENT OF THE COUNTY OF DUPAGE treated SOSA with violence in response to SOSA peacefully seeking to enter the Amber Drive residence to collect his

belongings demonstrates that they had not been properly trained as to the requirements of their duties.

26. As a direct and proximate result of one or more of the foregoing actions, the Defendants and each of them violated 42 USC §1983 by the following means:

(a) Not allowing him to get his son's attention to let him into the premises at 1150 Amber Drive in Cary;

(b) Not allowing him to peacefully enter the premises at 1150 Amber Drive in Cary;

(c) Wrongfully refusing to accept the fact that the court had dismissed his order of protection;

(d) Viciously beating and assaulting him once he was inside the premises in utter disregard of the dismissal of the order of protection, causing various injuries, including, but not limited to, a fractured wrist; a herniated lumbar disc; an acute neck injury; patellar tendinitis; post-traumatic stress disorder and related mental injuries;

(e) Refusing to listen to his pleas, that all that he was trying to do was to collect his belongings;

(f) Continuing to beat and assault him notwithstanding his repeated attempts to bring to their attention the dismissal of the order of protection;

27. As a direct and proximate result of one or more of the foregoing actions, SOSA sustained the following injuries, including but not limited to: a fractured wrist; a herniated lumbar disc; an acute neck injury; patellar tendinitis; and post-traumatic stress disorder and related mental injuries. As such, the Plaintiff was caused to and did sustain serious personal and pecuniary damages and was caused to and did become responsible for payment of medical and psychological bills.

**WHEREFORE,** the Plaintiff, JONATHAN D. SOSA, prays judgment in his favor and against all of the Defendants in an amount in excess SEVENTY-FIVE THOUSAND AND N/100 ($75,000.00) DOLLARS plus his attorney's fees and all of his costs that he has expended in bringing this action.

## Count II

## Pendent State Claim-Violation of 15 ILCS 205/10

31-59. SOSA adopts and realleges by reference the allegations contained in paragraphs one (1) through twenty-eight (28) of Count I as paragraphs 31(31) through fifty-nine (59) of Count II as thought fully restated herein.

60. There was in effect on September 11, 2024 in the State of Illinois the following statute, entitled 15 ILCS 205/10:

> (b) No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct by officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of Illinois.

61. As a direct and proximate result of one or more of the foregoing actions, the Defendants COUNTY OF DUPAGE and THE SHERIFF'S DEPARTMENT OF THE COUNTY OF DUPAGE and each of them violated 15 ILCS 205/10 by the following means:

(a) Not allowing him to get his son's attention to let him into the premises at 1150 Amber Drive in Cary;

(b) Not allowing him to peacefully enter the premises at 1150 Amber Drive in Cary;

(c) Wrongfully refusing to accept the fact that the court had dismissed his order of protection;

(d) Viciously beating and assaulting him once he was inside the premises in utter disregard of the dismissal of the order of protection, causing various injuries, including, but not Refusing to listen to his pleas, that all that he was trying to do was to collect his belongings;

(e) limited to, a fractured wrist; a herniated lumbar disc; an acute neck injury; patellar tendinitis; post-traumatic stress disorder and related mental injuries;

(f) Continuing to beat and assault him notwithstanding his repeated attempts to bring to their attention the dismissal of the order of protection;

62. As a direct and proximate result of one or more of the foregoing actions, SOSA sustained the following injuries, including but not limited to: a fractured wrist; a herniated lumbar disc; an

acute neck injury; patellar tendinitis; and post-traumatic stress disorder and related mental injuries. As such, the Plaintiff was caused to and did sustain serious personal and pecuniary damages and was caused to and did become responsible for payment of medical and psychological bills.

**WHEREFORE,** the Plaintiff, JONATHAN D. SOSA, prays judgment in his favor and against all of the Defendants in an amount in excess SEVENTY-FIVE THOUSAND AND N/100 ($75,000.00) DOLLARS plus his attorney's fees and all of his costs that he has expended in bringing this action.

**Respectfully submitted,**
**JONATHAN D. SOSA**

**By: /s/ Scott Skaletsky**
**Scott Skaletsky**

**Scott Skaletsky**
**The Law Offices of Scott Skaletsky LLC**
**2607 N. Greenwood Avenue**
**Arlington Heights, IL 60004**
**(312) 217-6022**
**ARDC #6181405**